IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| LISA WHARTON, ) | |
| ) | Civil Action No. |
| Plaintiff, ) | |
| v. ) | |
| ) | |
| ) | JURY TRIAL DEMANDED |
| DNS SERVICES GROUP LLC ) | |
| ) | |
| Defendant. ) | |
| ) | |
| _____ ) | |

## COMPLAINT FOR DAMAGES

COMES NOW Plaintiff Lisa Wharton ("Plaintiff"), by and through undersigned counsel, on behalf of himself and similarly situated individuals, and files this Complaint against Defendant DNS Services Group, LLC ("Defendant"), and shows the following:

### I. Nature of Complaint

1.

Plaintiff brings this action to obtain full and complete relief and to redress the unlawful employment practices described herein. Plaintiff brings this action as the representative party for all similarly situated employees of DNS Services Group, LLC.

2.

This action seeks declaratory relief, along with liquidated and actual damages for Defendant's failure to pay federally mandated overtime wages to Plaintiff and similarly situated individuals in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201 *et seq.* (hereinafter "FLSA").

## II. Jurisdiction and Venue

3.

The jurisdiction of this Court is invoked pursuant to 29 U.S.C. §216(b), and 28 U.S.C. §1331.

4.

Defendant DNS Services Group, LLC is a Georgia corporation, and the unlawful employment practices described herein occurred at 125 Chase Court, Fayetteville, GA, 30214. Accordingly, venue in this Court is proper pursuant to 29 U.S.C. §216(b); LR 3, Northern District of Georgia.

## III. Factual Allegations

5.

Plaintiff is a resident of the State of Georgia.

6.

Plaintiff was employed by Defendant from April 20, 2013 through September 12, 2013 as a Help Desk Associate.

7.

Plaintiff was an "employee" (as defined under FLSA §3(e), 29 U.S.C. §203(e)) for Defendants.

8.

Plaintiff performed non-exempt labor for the Defendant within the last three years.

9.

Defendant employed the named Plaintiff during the relevant time period.

10.

During the relevant time period, Plaintiff worked an amount of time that was more than forty (40) hours per workweek and was not paid the overtime wage differential.

11.

Defendant DNS Services Group, LLC is a private employer engaged in interstate commerce, and its gross revenues exceed $500,000 per year.

12.

DNS Services Group LLC is an "employer" within the definition of FLSA §3(d), 29 U.S.C. §203(d).

13.

Defendant is governed by and subject to FLSA §7, 29 U.S.C. §204 and §207.

## IV. Collective Action Allegations

14.

Plaintiff brings Count I of this Complaint on behalf of herself and others similarly situated individuals pursuant to 29 U.S.C. § 216(b). Plaintiff and the similarly situated individuals are individuals who currently or formerly have been employed by Defendant as "Help Desk Associates" during the last three (3) years, and whose primary job duty includes providing technical support and customer service at Defendant's place of business (hereinafter the "Collective Class").

15.

During the last three years, Plaintiff and the Collective Class routinely worked in excess of (40) hours per workweek without receiving overtime compensation for all overtime hours worked while performing the duties of a Help Desk Associates.

16.

Defendant was aware that Plaintiff and the Collective Class were working overtime hours.

17.

During the applicable statutory period, Defendant failed to keep accurate time records for all hours worked by Plaintiff and the Collective Class.

18.

During the last three years, the primary duty of the Help Desk Associates was the performance of non-exempt work, specifically technical support.

19.

During the last three years, Help Desk Associates were not paid overtime compensation for hours worked in excess of 40 hours in given work weeks.

20.

Help Desk Associates are entitled to overtime pay for the hours they worked over (40) in given workweeks. Defendant's practices violate the provisions of the FLSA, 29 U.S.C. § 201, et seq. including but not limited to 29 U.S.C. § 207. As a result of Defendant's unlawful practices, Plaintiff and the Collective Class have suffered lost wages.

**Count I**

## Violation of the Overtime Wage Requirement of
## The Fair Labor Standards Act

21.

Plaintiff repeats and re-alleges each and every allegation contained in the preceding paragraphs of this Complaint with the same force and effect as if set forth herein.

22.

Defendant has violated the FLSA, 29 U.S.C. § 201, et seq. including but not limited to 29 U.S.C. § 207, by failing to pay overtime wages for hours Plaintiff and the Collective Class worked in excess of (40) hours in given workweeks.

23.

The FLSA, 29 U.S.C. § 207, requires employers to pay employees one and one-half times the regular rate of pay for all hours worked in excess of (40) hours in a workweek.

24.

Defendant suffered and permitted Plaintiff and the Collective Class to routinely work more than (40) hours per week without overtime compensation.

25.

Defendant's actions, policies and/or practices as described above violate the FLSA's overtime requirement by regularly and repeatedly failing to compensate Plaintiff and the Collective Class at the required overtime rate.

26.

Defendant knew, or showed reckless disregard for the fact that it failed to pay Plaintiff and the Collective Class overtime compensation in violation of the FLSA.

27.

Defendant failed to accurately report, record and/or preserve records of hours worked by Plaintiff and the Collective Class, and thus has failed to make, keep and preserve records with respect to each of their employees sufficient to determine their wages, hours and other conditions and practices of employment, in violation of the FLSA.

28.

Plaintiff and the Collective Class were subject to the same unlawful DNS Services Group, LLC policy, i.e. Defendant's failure to pay overtime for hours in excess of 40 in a week.

29.

Defendant's violations of the FLSA were willful and in bad faith.

30.

Pursuant to the FLSA, 29 U.S.C. § 216, Plaintiff and the Collective Class are entitled to recover the unpaid overtime wage differential, liquidated damages in an equal amount to unpaid overtime, attorneys' fees, and the costs of this litigation incurred in connection with these claims.

### Prayer for Relief

**WHEREFORE**, Plaintiff respectfully requests that this Court:

(A)  Grant Plaintiff a trial by jury as to all triable issues of fact;

(B)  Enter judgment awarding Plaintiff unpaid wages pursuant to the FLSA §7, 29 U.S.C. §207, FLSA § 6, 29 U.S.C. § 206(d), liquidated damages as provided by 29 U.S.C. §216, pre-judgment interest on unpaid wages pursuant to 29 U.S.C. §216, and court costs, expert witness fees, reasonable attorneys' fees as provided under FLSA §16 and all other remedies allowed under the FLSA; and,

(C)  Grant declaratory judgment declaring that Plaintiff's rights have been violated;

(D) Grant conditional certification and provide notice of this action to all similarly situated individuals;

(E) Grant leave to add state law claims if necessary; and

(F) Award Plaintiff such further and additional relief as may be just and appropriate.

Respectfully submitted the 22nd day of November, 2013.

**BARRETT & FARAHANY, LLP**

s/Tremain C. Mattress
Tremain C. Mattress
Georgia Bar No. 940529
Amanda A. Farahany
Georgia Bar No. 646135
Benjamin F. Barrett
Georgia Bar No. 039586
Attorneys for Plaintiff Lisa Wharton

1100 Peachtree Street
Suite 500
Atlanta, GA 30309
(404) 214-0120
(404) 214-0125 facsimile
TMattress@bf-llp.com
Amanda@bfr-llp.com
Ben@bf-llp.com